**Affirmed and Memorandum Opinion filed January 12, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00070-CR

_____

## MICHAEL BERNARD DIXON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1284715**

---

## MEMORANDUM OPINION

A jury convicted appellant of felony assault of a family member. On January 11, 2011, the trial court sentenced appellant to confinement for five years in the Institutional Division of the Texas Department of Criminal Justice in accordance with the jury's assessment of punishment. Appellant filed a timely notice of appeal.

Appellant's appointed counsel filed a brief in which he concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), by presenting a professional evaluation of

the record and demonstrating why there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

A copy of counsel's brief was delivered to appellant. Appellant was advised of the right to examine the appellate record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 512 (Tex. Crim. App. 1991). Appellant was provided the record, and granted an extension of time to file a pro se response. As of this date, more than sixty days has passed and no pro se response has been filed.

We have carefully reviewed the record and counsel's brief and agree the appeal is wholly frivolous and without merit. Further, we find no reversible error in the record. We are not to address the merits of each claim raised in an *Anders* brief or a pro se response when we have determined there are no arguable grounds for review. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

Accordingly, the judgment of the trial court is affirmed.


PER CURIAM


Panel consists of Justices Frost, Brown, and Christopher.
Do Not Publish — Tex. R. App. P. 47.2(b).